## The People ex rel. William B. Monroe v. The Judge of the Circuit Court for the County of Wayne.

*Guardian's sale of real estate : Order of Confirmation : Duty of purchasers.* Guardian's sales made under the provisions of Chap. 102 Comp. Laws are to be conducted in the manner required by the provisions of Chap. 101 ; and the confirmation of the Probate Court of the Guardian's report of the sale is necessary to its validity, and to authorize the conveyance by the guardian.

A party claiming to be the highest bidder at a guardian's sale, in order to entitle himself to the rights of a purchaser, must tender payment and performance within a reasonable time.

*Mandamus:* To entitle a party to a mandamus he must show a clear legal right, and that he has no other adequate remedy. A purchaser at a guardian sale will not be entitled to this writ, to enforce his rights as such, without a clear showing that he has done at the proper time, everything necessary to complete the purchase on his part.

*Heard October 19.    Decided October 26.*

Application for mandamus.

*L. T. Griffin,* for the motion.

*C. Joslin,* contra.

CHRISTIANCY J.

This is an application for a mandamus against the Circuit Judge for the County of Wayne, to reinstate and try an appeal of the relator to that Court, from an order of the Judge of Probate of that County confirming the report of a guardian's sale of real estate ; which appeal was dismissed by the Circuit Judge on the alleged ground of a want of jurisdiction.

The license to the guardian from the Probate Court, was for the purpose of investing the proceeds under chapter seventy-eight of the Revised Statutes of 1846. ( *Comp. Laws Chapter 102.*)

The sale was reported by the guardian as made to one Frederick Head for four hundred and two dollars and fifty cents ; and the proceedings and sale are admitted to have been regular and in pursuance of the statute and the

license, except that, as alleged by the relator in his notice of appeal, and his allegations (serving as a declaration), on which the issue in the Circuit Court was formed, he the relator, on said sale bid the sum of four hundred and three dollars for the premises, (being fifty cents more than was bid by said Head); that he was the highest bidder, and that the premises were struck off to him. . But that after the sale the guardian made his report of the sale to the Probate Court, stating that said Head was the highest bidder, and the land was struck off and sold to said Head for four hundred and two dollars and fifty cents, that said report was confirmed, and the guardian directed by the Probate Court to execute a conveyance to said Head. And the relator avers that he is entitled to the purchase as the highest bidder, and that "he was, and is ready and willing to comply in every respect with the terms and conditions of said sale, and that since said sale" (he does not say whether before or after the confirmation of the report or the deed to Head) "he has tendered to said guardian the full sum for which said premises were struck off to him." To these allegations, (in the nature of a declaration), in the appeal in the Circuit Court, the defendant pleaded the general issue.

On the tenth day of March 1869, said cause coming on to be heard before a jury, on motion of the attorneys for the guardian, the appeal was dismissed on the ground that the Circuit Court had no jurisdiction; that Court holding that the confirmation of the sale was not required by the statute, to perfect the sale, or to authorize the deed, that the order confirming the sale was therefore of no authority and immaterial, and did not constitute a proper subject to appeal from.

The respondent in showing cause why the mandamus should not issue, fully admits all the facts above stated ; but he insists upon the correctness of the decision.

On a careful examination of this chapter, ( *Rev. Stat. of 1846 Ch. 78* ), and that preceding it, we are satisfied that the construction adopted by the Circuit Court, cannot be sustained, and that the confirmation by the Probate Court of the guardian's report of the sale is necessary to give validity to the sale, and to authorize the conveyance by the guardian.

It is true, this chapter does not expressly require a report of the sale to be made by the guardian to the Probate Court, nor a confirmation by that Court of the sale or report. But the fifteenth section, we think by its express reference to the preceding chapter for the manner in which the sale is to be made and evidence of it perpetuated, is an adoption of all the provisions of that chapter, not only as to the sale itself, but of the notice of sale, the report and confirmation, and the direction for the execution of the conveyance, then required to be made by the executor, administrator or guardian. All the same reasons exist for requiring the report and confirmation in the one case as in the other. The reference seems to have been made to avoid the necessity of repeating and re-enacting the same provision. And without giving this extent of application to the reference, there is no express power under chapter seventy-eight, to execute a conveyance; with it, the power is express and complete. Section twenty-five of chapter seventy-eight, ( *Rev. Stat. of 1846* ), speaks of the deed in a manner which seems to imply some power already previously given to execute it; but it is only given in chapter seventy-seven, ( *Comp. Laws Chap. 101* ), and then only upon report and confirmation of the sale.

Under these circumstances we do not think the omission to enumerate in Chapter seventy-eight, (Sec. 23), the confirmation of the report, which is expressly mentioned in Section fifty-two of Chapter seventy-seven can have any great weight by way of furnishing an inference that the confirmation was required in the one case and not in

the other, when the question arises as it does here. These sections have no bearing upon the question as here presented, but only when the question arises collaterally in an action, in which an heir or other person claiming under the deceased, or the ward or other person claiming under him, shall contest the validity of the sale,—a purpose foreign to the present case. But, even as to these cases, it is difficult to resist the conclusion that the difference in the sections last alluded to, was the result of mere accident or oversight—though the omission in the latter Chapter could not probably be supplied by the Court when the action is brought by and against the parties in that section mentioned.

But to entitle the relator to a mandamus he must show a clear legal right, and that there is no other adequate remedy.

We think he has failed to show this clear legal right. If he was the highest bidder, and the land was struck off to him on the eighteenth day of August, (and this is sworn to only on information and belief), yet, if he neglected to offer a compliance with the terms of the sale, and to tender payment of his bid until the 20th day of October, or beyond a reasonable time and offer no excuse for the delay, we think the guardian had a right to disregard his bid, and to consider it abandoned, and that the relator must have lost all right to insist upon the purchase. And whatever the guardian may rightfully or wrongfully have done, or attempted to do with the land, the relator would have no status in reference to the property, which would authorize him to bring an appeal as a purchaser. And it was for the relator to show that he had tendered payment and performance, within a reasonable time, which would have been we think before the 26th day of August, when the sale to Head was confirmed. His allegation in this respect is wholly vague and uncertain. His notice of appeal is sworn to on the 20th day of October, more than two months after

the alleged sale ; and in stating the grounds of his appeal he merely alleges that he was at all times ready and willing to comply with the terms and conditions of the sale, "and *has since said sale* tendered to said Day" (the guardian) "the full amount for which said land was struck off to him." He avoids stating when the tender was made and the allegation would be sustained by proof of a tender on the 20th day of October. It was for him to show, that he was not himself in default, and that he had done, at the proper time every thing necessary to complete the purchase on his part, and put the guardian in default. This he has failed to do, and he has shown no excuse for the delay. Admitting therefore, without deciding that his application is in other respects sufficient, the mandamus must be denied with costs.

The other Justices concurred.