ELI LORANGER, TOWNSHIP TREASURER, v. CELESTER C. NAVARRE.

*Mandamus—Jurisdiction of circuit courts.*

Where, on an application for a *mandamus*, it appears that the public interests require the immediate disposition of the case, and forbid the delay of awaiting an opportunity to apply to the circuit court under Circuit Court Rule No. 107, which gives circuit courts jurisdiction in certain *mandamus* proceedings, an order to show cause will be granted.[1]

*Mandamus.* Order to show cause granted June 6, 1893.

Relator applied for *mandamus* to compel respondent to turn over to relator the money, books, papers, and effects belonging to the office of township treasurer.

---

[1] Orders to show cause have been denied on the ground that the application should have been made to the circuit court, under the rule cited, where the object sought was to compel a township treasurer to pay an order (*Jenney v. Holland,* June 6, 1893); a justice of the peace to issue a criminal warrant (*Chamberlain v. O'Hara,* June 6, 1893); a street railway to use a certain kind of rails (*City of Detroit v. Detroit Citizens' Street Railway Co.,* June 13, 1893); the chairman of a board of supervisors to sign an order (*Wickham v. Kelley,* October 24, 1893); a county treasurer to pay the salary of the prosecuting attorney (*Wickham v. Browne,* October 24, 1893); a board of supervisors to allow a bill (*Senate of Happy Home Clubs v. Alpena Co. Supervisors,* November 21, 1893). An application will be considered, however, if the circuit judge is disqualified (*Manly v. Washtenaw Probate Judge,* June 28, 1893).

See, also, *Backus v. Carleton, post,* 624, holding that, where a circuit judge illegally refuses to hear an application for *mandamus,* the proper practice is to apply to the Supreme Court to compel him to do so.

On December 13, 1893, the following rule was adopted by the Supreme Court, regulating the practice as to a review of the decisions of the circuit courts in *mandamus* proceedings:

RULE 65. When, in any case, any circuit court shall allow or deny a writ of *mandamus,* the party feeling himself aggrieved by such decision may make application to one of the Justices of this Court for the allowance of a writ of *certiorari,* and, if the same shall be allowed, the cause, when returned into this Court, may be noticed for hearing by either party on any motion day thereafter, unless otherwise ordered.

*E. R. Gilday* and *C. A. Golden,* for relator.

PER CURIAM. An order to show cause will be granted, in view of the fact that the public interests require the immediate disposition of the case, and forbid the delay of awaiting an opportunity to apply to the circuit court.