PREFERRED TONTINE MERCANTILE CO. *v.* SECRETARY OF STATE.

MANDAMUS—CORPORATIONS—ARTICLES OF ASSOCIATION—FILING.

*Mandamus* will not issue to compel the Secretary of State to file the articles of association of a foreign corporation (*e. g.*, a tontine investment company), where, subsequent to the filing of the petition, a statute has become operative under which the rights claimed by relator have been abrogated.

*Mandamus* by the Preferred Tontine Mercantile Company to compel Fred M. Warner, Secretary of State, to file relator's articles of association. Submitted May 12, 1903. (Calendar No. 19,642.) Writ denied June 15, 1903.

*Groesbeck & Berger*, for relator.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

Grant, J. On October 16, 1902, relator, a corporation organized under the laws of Missouri, filed its petition to compel the respondent, Secretary of State, to file its articles of association. On November 18th, respondent answered, admitting his refusal to file its articles, upon the ground that its business proposed to be carried on was against public policy, and its contracts unlawful and void. On December 1st, relator filed a petition to frame issues of fact. On April 30, 1903, the proposed issues were presented to the court. The respondent denies the necessity of any issues of fact; alleging that the articles of association and contracts, copies of which are attached to the answer, and the announcements made by the company, also attached, show upon their face the illegal character of the relator's business.

The respondent has filed in this court a certified copy of an act of the legislature which was approved April 27th last, and given immediate effect. Act No. 60, Pub. Acts 1903. This is an act "to provide for the regulation in this State of foreign tontine, bond, certificate, and investment companies, partnerships, and associations," etc. This act has evidently abrogated the rights claimed by the relator under the law as it stood before the passage of this act. It would be of no advantage to relator to have its rights under the former law determined. The writ of *mandamus* would be useless, even if we should hold now that relator was entitled to do business under the law as

it was when the petition was filed. Its right to do business must now be determined by the new act.

The writ is denied.

The other Justices concurred.