COOK *v.* BOARD OF ELECTION COMMISSIONERS OF CHEBOYGAN COUNTY.

1. MANDAMUS—JURISDICTION—ELECTIONS.

Mandamus is not a writ of right, and is not allowed to a party who is at fault or seeking to accomplish an illegal purpose; it issues only in furtherance of justice upon a proper case presented, and the court by the writ will never assist the petitioner to violate a law.

2. ELECTIONS—PRIMARY LAW—STATUTES—PARTIES.

Votes cast for an enrolled republican as candidate on the national progressive ticket cannot be counted, since section 41, Act No. 279, Pub. Acts 1911, 1 How. Stat. (2d Ed.) § 545, provides that votes cast for candidates upon the ballots of one political party when the candidate is enrolled as a member of another shall not be counted.

Certiorari to Cheboygan; Shepherd, J. Submitted October 28, 1912. (Calendar No. 25,417.) Decided November 2, 1912.

Mandamus by Charles F. Cook against the board of election commissioners of Cheboygan county to require respondents to place relator's name on the ballot as candidate for probate judge on the national progressive ticket. An order granting the writ is reviewed by respondents on certiorari. Reversed.

*William N. Cross*, for relator.

*Victor D. Sprague*, for respondent.

STONE, J. The writ of certiorari was issued out of this court to review the action of the circuit court in granting a writ of mandamus against the board of election commissioners of Cheboygan county.

Charles F. Cook, the relator, was enrolled as a republican in the city of Cheboygan under the primary election law. At the recent primary election, he received eight votes on the national progressive ticket for the office of judge of probate of Cheboygan county; that being the highest number of votes cast for any person for that office on that ticket. The board of county canvassers declared him nominated, and certified his name to the board of election commissioners of said county. The board of election commissioners refused to place his name on the election ballot on the ground that, having been enrolled as a republican, the votes cast for him on the national progressive ticket could not be counted under section 41 of the primary election law (section 41, Act No. 279, Pub. Acts 1911, 1 How. Stat. [2d Ed.] § 545), and that he is not entitled to have his name placed on the election ballot. Mandamus was brought in the circuit court against the board of election commissioners to compel such board to place the name of Charles F. Cook on the election ballot, and the circuit court granted the writ. In its order granting the writ of mandamus appears the following:

"This matter comes on to be heard on petition and answer, and after hearing arguments for the respective parties by their counsel, it appears to the court, and the court

determines that relator never was enrolled as a member of the national progressive party, but was, and is, enrolled as a republican."

It is provided in section 41, *supra*, as follows:

"All votes cast for any candidate upon the ballots of one political party, when such candidate is enrolled as a member of another party, shall not be counted. * * * It shall be unlawful for any board of election commissioners to print on any official election ballot prepared for the use of voters at any November, spring, charter or other election the name of any candidate, unless such candidate was selected under authority of this act."

Upon the above statement of facts, and the finding of the circuit court, and in view of the statute just quoted, the important question is whether the relator was entitled to the writ of mandamus against the board of election commissioners. We must answer this question in the negative. It must be held that the relator was not selected as a candidate of the national progressive party under authority of the act, because he was enrolled as a republican, and votes cast for him could not be counted.

It was held by this court at an early day that, to entitle a relator to the writ of mandamus, he must show a clear legal right thereto. *People, ex rel. Monroe*, v. *Wayne Circuit Judge*, 19 Mich. 296–299. We have also held that the writ of mandamus is not a writ of right, and is not allowed to a party who is at fault or seeking to do an illegal thing. *People, ex rel. Mabley*, v. *Judge of Superior Court*, 41 Mich. 31 (1 N. W. 985). We have also said that the writ will be allowed only in furtherance of justice, and upon a proper case presented. *Hale* v. *Risley*, 69 Mich. 596 (37 N. W. 570). It has been held that the writ will not be granted to accomplish a confessedly illegal purpose, even though the officer against whom it is invoked is charged with an express duty under the statute. *Board of Sup'rs of Cheboygan County* v. *Township of Mentor*, 94 Mich. 386 (54 N. W. 169). We have held that the writ will not issue to enable a relator to accom-

plish a violation of the statute. *Citizens' Life-Ins. Co.* v. *Commissioner of Insurance*, 128 Mich. 85 (87 N. W. 126). In *MacKinnon* v. *Auditor General*, 130 Mich. 552 (90 N. W. 329), this court held that the writ will not issue unless it be made to appear that justice requires it. See, also, *Preferred Tontine Mercantile Co.* v. *Secretary of State*, 133 Mich. 395 (95 N. W. 417); *Rose* v. *Common Council of Ann Arbor*, 134 Mich. 102 (95 N. W. 1133); *George N. Fletcher & Sons* v. *Alpena Circuit Judge*, 136 Mich. 511 (99 N. W. 748); *Fuchs* v. *Grass Lake Common Council*, 166 Mich. 569–575 (132 N. W. 96). This rule is as applicable to the circuit court as to this court, as has been frequently held.

In view of the statute which we have quoted, and of the fact that all votes cast for the relator upon the ticket indicated were illegal, and should not have been counted, can it be said that he has any legal right to the writ of mandamus? We think not. To issue the writ under such circumstances would be to offer a premium for a violation of this express provision of the statute. By the conceded facts in this case the relator has shown himself to be without legal right. The writ of mandamus should not have been issued.

The order and judgment of the circuit court is reversed, and the petition of the relator for the writ of mandamus is dismissed, with costs to the respondents against the relator.

MOORE, C. J., and STEERE, McALVAY, and OSTRANDER, JJ., concurred.