DE FOE *v.* BOARD OF ELECTION COMMISSIONERS OF BAY
CITY.

1. ELECTIONS—ENROLLMENT—CANDIDATES FOR OFFICE—MAYOR.
   Under Act No. 281, Pub. Acts 1909, as amended by Act No. 279,
   Pub. Acts 1911 (see 1 How. Stat. [2d Ed.] §§ 505-515), the
   initial enrollment of a voter may be accomplished by written
   request to the city clerk, recorder, or other officer in charge
   of the enrollment book, accompanied by the affidavit required
   by section 4; but an enrolled voter may only re-enroll on en-
   rollment day, pursuant to section 11, on changing his party
   affiliation. A Republican enrolled, as such, was not entitled
   to have his name appear as a National Progressive candidate
   on the printed primary ballots although he attempted to en-
   roll as a member of the other party by written request, etc.,
   pursuant to the provisions of section 4.

2. SAME—PRIMARY—PARTIES.
   The provisions of section 41 of the primary law providing that
   votes cast for a candidate of one party who was enrolled as a
   member of another should not be counted, apply only to the
   primary ballot, not to a candidate for mayor who was
   selected by the city committee as a substitute for a candidate
   that withdrew; as the nominee, duly certified to the board
   of election commissioners, he was entitled to a place on the
   ticket.

3. MANDAMUS—ANSWER—RETURN—PRACTICE.
   The answer of respondents in mandamus should be signed by
   them or by some one duly authorized in their behalf. It is
   incorrect practice to file a return signed by respondents'
   attorney.

Mandamus by Fred W. De Foe against Horace Tupper
and others, as the board of election commissioners for the
city of Bay City, to compel respondents to print the name
of relator as candidate for mayor of the National Pro-
gressive party on the official ballot.

Submitted March 26, 1913. (Calendar No. 25,625.)
Writ granted March 28, 1913.

*De Vere Hall,* for relator.

*S. G. Houghton,* for respondents.

STONE, J.   The petition in this case prays for a mandamus to compel the board of election commissioners of Bay City to cause the name of relator to be printed on the ballot labels for use on the voting machines at the April election in said city as the candidate of the National Progressive party for the office of mayor of said city. The facts are not in dispute, and are as follows:

Relator is a resident and elector of said city, and has been actively identified with the National Progressive party since its organization, but prior to February 12, 1913, had been enrolled as a member of the Republican party. On that day he filed with the city recorder of the city a request, accompanied by affidavit, for enrollment as a member of the National Progressive party.   Later, on the same day, a petition in the usual form, with the required number of signers, was filed with such officer, naming relator as a candidate for the nomination of mayor upon the National Progressive ticket at the primary held March 5, 1913.

The recorder thereupon certified to the board of election commissioners the name of relator as one of the candidates for said party for such office, and the board caused the primary ballots to be printed with his name thereon.   On March 3, 1913, the Republican city committee filed with the board of election commissioners a written protest objecting to relator's name remaining on such ballots, and the board, acting on the advice of the city attorney, destroyed the ballots already printed, and caused new ballots to be printed omitting relator's name therefrom, and his name did not appear on the primary ballots at such election.   At the primary election De Vere Hall was nominated as the candidate of the National Progressive party for the said office, and, after the votes had been canvassed, the recorder certified his name as such nominee to the board of election commissioners.   Mr. Hall later filed his withdrawal as such candidate, and the city committee

of such party selected relator to fill the vacancy; the certificate of such appointment made by the chairman and secretary of such committee having been filed with the commissioners on March 12, 1913. On March 21, 1913, the board of election commissioners, acting on the advice and opinion of the city attorney, adopted a resolution refusing to print relator's name on the ballot labels, and refused to recognize his appointment as such candidate to fill the vacancy, and thereupon notified him of such action. The exigency of the case is such that we granted an order to show cause. *Loranger* v. *Navarre*, 97 Mich. 615 (58 N. W. 47).

The answer of respondents substantially admits the facts above stated, but denies that relator is a member of the National Progressive party, because he is regularly enrolled as a member of the Republican party. It is the claim of respondents that relator is not properly enrolled as a member of the National Progressive party, and that consequently he cannot be a candidate for office on the ticket of such party. Relator claims:

(1) That he is properly enrolled as a member of the National Progressive party.

(2) That, even though he were not so enrolled, he is not disqualified from becoming a candidate on such ticket.

1. No constitutional question is here presented, but the construction of certain sections of the general primary law is involved. Section 4 of Act No. 281 of the Public Acts of 1909, as amended by Act No. 279 of the Public Acts of 1911 (1 How. Stat. [2d Ed.] § 508]), provides:

"No person shall be permitted to vote at any primary election held in this State, unless he shall have been enrolled in the manner herein provided as a member of a political party. The voters in the various political parties shall be afforded an opportunity to become enrolled voters of the particular political party with which they are affiliated on the first Monday of April preceding the August primary election and on the last Saturday in January in each year: *Provided, however,* that any qualified elector may become enrolled and be eligible to vote at any

primary election if he shall deliver to the city or township clerk or other officer in charge of the enrollment book a written request for said enrollment accompanied by an affidavit setting forth that he is a qualified elector of said township, ward or precinct, and that it is *bona fide* his intention to affiliate with the political party in which he seeks to enroll: *Provided, however,* that no enrollment by notice and affidavit shall entitle any elector to vote at any primary that shall occur within two months from the date of said enrollment. It shall be necessary for all electors to become enrolled under authority of this act and no elector shall be deemed a qualified enrolled elector who has been enrolled under any prior act subsequent to the date this act takes effect."

Section 11 of Act No. 281 of the Public Acts of 1909 reads as follows:

"Whenever an enrolled voter has changed his party affiliation and desires to be enrolled as a member of another political party, he may personally make application only on enrollment day for re-enrollment to the enrollment board, and said board shall thereupon re-enroll the name of said enrolled voter, and at the same time draw a pen mark through the name of said enrolled voter as previously enrolled and opposite said name as previously enrolled, shall write the word 're-enrolled' and the date of said enrollment."

These two sections should be read together in determining the legislative intent, and harmonized if it can reasonably be done. These sections can be harmonized by giving them a literal construction, and holding that section 4 only provides for the initial enrollment of a person, and that only persons not enrolled in any party may enroll by written request and affidavit; and that section 11 provides for the re-enrollment of a person who has changed his party affiliation. Such person can make personal application "only on enrollment day for re-enrollment to the enrollment board," whose duty it shall be thereupon to re-enroll the name of such enrolled voter. In our opinion such construction should be given to these sections, and we therefore conclude that relator was not entitled to have his name appear on the printed ballots at the primary

election, in view of the provision of section 41. *Cook* v. *Election Commissioners*, 172 Mich. 437 (138 N. W. 1).

2. It is the claim of relator that the statute does not disqualify him as the appointee of the city committee to fill this vacancy, even though it is held that he was not enrolled as a member of the National Progressive party, and that no restriction is placed upon the committee as to whom they shall select. On the other hand, it is the claim of the respondents that the nominee selected by the city committee must be enrolled in the party upon whose ticket he is to become a candidate, because of the provision of section 41 reading:

"*Provided further*, that all votes cast for any candidate upon the ballots of one political party, when such candidate is enrolled as a member of another party, shall not be counted."

This proviso is expressly limited in its language to the acts of the board of election inspectors in the counting of the votes at the primary election. We are here dealing with conditions that arose subsequent to the primary. It appears from this record that the relator had been duly certified to the board of election commissioners by the proper body and appears to be a member of the National Progressive party, and is entitled to a place on the ticket. We do not decide what the ruling might be had relator been a member of another party.

The practice in this case, wherein the answer is signed by the attorney for the respondents only, is not to be commended. Such answer is more than a mere pleading, and should be signed by the respondents, or by some one in their behalf duly authorized. 2 Stevens' Michigan Practice, § 467, p. 408.

The writ of mandamus will issue as prayed for by relator, but without costs to either party.

McALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred. STEERE, C. J., and MOORE, J., did not sit.